IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERTO G. ROBLES,

    Petitioner,

vs.                                                       No. 2:22-cv-00359-WJ-LF

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on inmate Alberto Robles's pro se petition for habeas relief under 28 U.S.C. § 2254, filed May 2, 2022. Doc. 1 at 15. This is Mr. Robles's second § 2254 petition. *See Robles v. Smith*, No. 2:16-cv-00929-MV-LF, 2019 WL 2417702, at *1 (D.N.M. June 10, 2019) (*Robles I*), *PFRD adopted*, 2019 WL 3081570 (D.N.M. July 15, 2019) (*Robles II*) (dismissing Mr. Robles's first § 2254 petition, filed August 15, 2016, without prejudice). I ordered respondent the New Mexico Attorney General to file an answer to Mr. Robles's petition, Doc. 3, and respondent complied on August 24, 2023, Doc. 10.[1] Mr. Robles did not file a reply. United States Senior District Judge William Johnson referred this case to me under 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend this case's ultimate disposition. Doc. 4. After reviewing

---

[1] I recommend that the Court order the clerk's office to substitute the warden of Mr. Robles's current prison, the Western New Mexico Correctional Faculty, as the respondent in this case. *See Nesmith v. El Paso Cnty.*, No. 22-cv-02508-LTB-GPG, 2023 WL 11922169, at *1 (D. Colo. Jan. 10, 2023) (prison warden is the proper respondent); *Offender Search—Alberto Guillermo Robles*, N.M. Corrs. Dep't, https://www.cd.nm.gov/offender-search/ (last visited January 31, 2025).

the record and relevant law, I recommend that Mr. Robles's petition be denied with prejudice as time-barred.

## BACKGROUND

In May 2008, a jury in New Mexico state court found Mr. Robles guilty of attempted murder and multiple counts of kidnapping, aggravated assault, aggravated battery, and intentional child abuse for his role in an armed home invasion. *See Robles I*, 2019 WL 2417702, at *1. He was sentenced to 116 years of imprisonment, followed by two years of parole. *Id.*

Mr. Robles filed a direct appeal in state court, alleging juror misconduct, speedy trial violations, discovery violations, and ineffective assistance of counsel, but the New Mexico Court of Appeals affirmed his convictions on July 19, 2010. *Id.* The New Mexico Supreme Court quashed Mr. Robles's certiorari petition on November 14, 2011, and Mr. Robles did not seek certiorari in the United States Supreme Court, meaning his convictions became final under federal habeas law 90 days later, on February 13, 2012. *Id.*; *see* 28 U.S.C. § 2244(d)(1)(A); U.S. Sup. Ct. R. 13.1 (90-day deadline to petition for certiorari).

Mr. Robles filed a pro se habeas petition in state court on August 5, 2012, collaterally attacking his criminal judgment on various grounds. *Robles I*, 2019 WL 2417702, at *1 (citing Doc. 7-2 at 42). After appointing counsel and holding an evidentiary hearing, the trial court denied the petition, and the New Mexico Supreme Court denied certiorari on May 31, 2016. *Id.*

Mr. Robles placed his first § 2254 habeas petition in the prison mailing system on August 9, 2016, alleging ineffective assistance of counsel, prosecutorial misconduct, speedy trial violations, and juror misconduct. *See id.* at *2. United States District Judge Martha Vázquez referred the petition to me, and I found that Mr. Robles properly exhausted only one claim: "that the state court denied him the right to a speedy trial." *Id.* at *5–6. I therefore recommended that

the Court (1) treat Mr. Robles's petition "as a mixed petition" raising both "both exhausted and unexhausted claims" under Supreme Court and Tenth Circuit precedent; (2) grant Mr. Robles 14 days to file an amended petition raising only his exhausted claim; and (3) notify Mr. Robles that, if he did not timely file an amended petition, his petition would be dismissed without prejudice. *Id.* at *1. I declined to recommend "dismissal of the mixed petition in its entirety" to "allow Mr. Robles to exhaust his [unexhausted] claims in state court" because "[f]ederal habeas petitions do not toll [§ 2244(d)'s one-year] limitations period," meaning any subsequent § 2254 petition "would be time-barred were he to try to return to federal court" after exhausting his unexhausted claims. *Id.* at *7. "[D]ismissing Mr. Robles's petition," I found, "would push this case well past the limitations period." *Id.* Likewise, I declined to recommend that the case be stayed so that Mr. Robles could return to state court to exhaust state remedies, because Mr. Robles failed to show "'good cause' to excuse his failure to present his unexhausted claims to the state court" under Supreme Court precedent. *Id.* (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

Responding to my ruling, Mr. Robles filed a document stating that he "accept[ed] the magistrate's recommendations regarding his 'mixed' petition." *Robles II*, 2019 WL 3081570, at *1. Judge Vázquez therefore adopted my recommendations in full, ordered Mr. Robles to "file a new petition within 14 days" containing "only his exhausted claim," and warned Mr. Robles that failure to comply would result in dismissal of "his entire petition without prejudice." *Id.*

Mr. Robles did not timely file an amended petition. Instead, he filed a motion to stay the case "while he return[ed] to state court to exhaust his remedies" on his unexhausted claims. *Robles v. Smith*, No. 2:16-cv-00929-MV-LF, Doc. 19 at 1 (D.N.M. Aug. 6, 2019) (citing Doc. 18) (*Robles III*). Judge Vázquez denied the stay motion, holding that Mr. Robles could not "now challenge the Magistrate Judge's finding that 'stay and abeyance' was not appropriate in this

case" after he declined to object to my recommendations. *Id.* at 2. Judge Vázquez therefore denied Mr. Robles's first § 2254 petition without prejudice, as "Mr. Robles did not file an amended petition containing only his exhausted claim by the deadline" despite "clear warnings," and entered final judgment on August 8, 2019. *Id.* at 2–3.

Attempting to exhaust his unexhausted claims, Mr. Robles returned to state court to pursue a second round of state habeas review, placing his second state habeas petition in the prison mailing system on October 27, 2019. Doc. 10-1 at 175. After holding an evidentiary hearing, the state court on December 15, 2021, vacated Mr. Robles's two child abuse convictions, holding that they arose from the same conduct underlying his two kidnapping convictions, and entered an amended judgment resentencing Mr. Robles to 112 years of imprisonment, down from 116 years. *Id.* at 397–406. The amended judgment left Mr. Robles's other convictions in place and did not otherwise impact his sentence. *See id.* Mr. Robles filed a certiorari petition in the New Mexico Supreme Court, but review was denied on April 18, 2022. *Id.* at 435.

Mr. Robles then returned to federal court by filing the § 2254 petition now at issue, placing his petition in the prison mailing system on May 2, 2022. Doc. 1. In his petition, Mr. Robles alleges double jeopardy violations attacking his kidnapping, attempted murder, and aggravated assault convictions; speedy trial violations; and ineffective assistance of counsel. *Id.* at 6–11. Respondents counter that the petition should be dismissed as an unauthorized second or successive habeas application, as untimely, or on the merits. Doc. 10.

4

## ANALYSIS

I find that, while Mr. Robles's petition is not a second or successive petition, it is time-barred and should be denied with prejudice on that ground. I therefore do not address the merits of his petition.

I.      **Mr. Robles's Petition is Not a Second or Successive Petition.**

Respondents contend that the Court lacks jurisdiction to consider Mr. Robles's petition because it is a "second or successive" petition filed without Tenth Circuit authorization under 28 U.S.C. § 2244(b). Doc. 10 at 14–21. For the reasons below, I disagree.

The law governing second or successive habeas petitions is well-settled. "A prisoner may not file a second or successive § 2254 application unless he first obtains an order from the circuit court authorizing the district court to consider the application." *Armajo v. Wyoming*, No. 23-8052, 2023 WL 6173512, at *2 (10th Cir. Sept. 22, 2023) (citing 28 U.S.C. § 2244(b)(3)(A)). "Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 application." *Id.* (citing *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)). The phrase "second or successive" is a "term of art given substance in [the Supreme Court's] habeas corpus cases." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). Those cases make clear that a second petition "filed after a mixed petition has been dismissed … before the district court adjudicated any claims [on the merits] is to be treated as any other first petition and is not a second or successive petition." *Id.* at 487 (internal quotation marks omitted); *see also McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997) ("[A] habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a 'second or successive' application within the meaning of § 2244(b)(1).").

Under these principles, Mr. Robles's second § 2254 petition is not a second or successive petition. Adopting my recommendations, Judge Vázquez denied Mr. Robles's first "mixed" petition without prejudice for failure to exhaust state remedies, without addressing the merits of his claims, after Mr. Robles failed to file an amended petition by the deadline. *Robles III*, Doc. 19 at 2. Accordingly, Mr. Robles's second petition was "filed after [his] mixed petition [was] dismissed," "before the district court adjudicated any claims" on the merits, meaning his second petition "is to be treated as any other first petition and is not a second or successive petition." *Slack*, 529 U.S. at 487 (internal quotation marks omitted); *see also McWilliams*, 121 F.3d at 575. I therefore find that the Court has jurisdiction to consider Mr. Robles's second petition.

**II.     Mr. Robles's Petition is Time-Barred.**

Respondents also contend that Mr. Robles's second petition is time-barred and should be denied with prejudice on that basis. Doc. 10 at 20–21. For the reasons below, I agree.

Federal habeas law's timeliness requirements are likewise well-settled. Section 2254 petitions "must be filed within one year after the [state criminal] judgment becomes final." *Reyes v. Stephenson*, No. 2:23-cv-00724-DHU-LF, 2024 WL 1621302, at *2 (D.N.M. Apr. 15, 2024) (citing 28 U.S.C. § 2244(d)(1)(A)). "Generally, a judgment becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* (quoting *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001)). In other words, a "judgment becomes final under § 2244(d)(1)(A) when the time for seeking certiorari review in the United States Supreme Court expires." *Melina v. Pollard*, 654 F. App'x 939, 941 (10th Cir. 2016).

The "one-year limitation period can be extended" while a "state habeas petition is pending," *Reyes*, 2024 WL 1621302, at *2 (citing 28 U.S.C. § 2244(d)(2)), but "[f]ederal habeas petitions do not toll the limitations period," *Robles I*, 2019 WL 2417702, at *7 (citing *Duncan v.*

6

*Walker*, 533 U.S. 167, 181–82 (2001)); *see also, e.g.*, *Rhines*, 544 U.S. at 274–75 ("Although the limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review, the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." (internal citations and quotation marks omitted)).

Similarly, state "habeas petitions filed after expiration of the [federal] one-year period do not restart the clock." *Sacoman v. Santistevan*, 504 F. Supp. 3d 1206, 1213 (D.N.M. 2020) (collecting decisions); *see also, e.g.*, *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (holding that federal habeas petitions "cannot be tolled for time spent in state post-conviction proceedings" when state "applications for post-conviction relief [are] not filed until after" the "end of the limitations period"); *Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *4 (10th Cir. Jan. 12, 2024) ("[M]otions seeking collateral relief in state court that are filed after the expiration of the [federal] one-year limitations period cannot provide a basis for tolling, even if they are timely filed under state law.").

Likewise, a state court's resentencing does not restart the federal habeas clock for challenges to the "original, undisturbed conviction[s]." *Burks v. Raemisch*, 680 F. App'x 686, 689–92 (10th Cir. 2017); *see also, e.g.*, *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (holding that untimely "attacks on the original conviction are no[t] somehow resurrected" by resentencing on other convictions); *Tovar-Mendoza v. Martinez*, No. 1:18-cv-00982-KWR-LF, 2023 WL 6937953, at *4 (D.N.M. Oct. 20, 2023) (amended judgment shortening probation period "did not trigger a new limitation period as to Petitioner's substantive habeas claims").

Finally, equitable tolling of the one-year limitations period is available "only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file." *Sacoman*, 504 F. Supp. 3d at 1212. The petitioner

7

bears a "strong burden" to meet these standards. *Reyes*, 2024 WL 1621302, at *2 (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

Under these principles, Mr. Robles's second § 2254 petition is time-barred. Specifically, the one-year limitations period expired on April 24, 2017—1,854 days before Mr. Robles filed the present § 2254 petition in this Court on May 2, 2022. *See* Doc. 1.

I have determined the untimeliness of Mr. Robles's petition as follows. Mr. Robles's original criminal judgment became final, and the one-year limitations period began to run, on February 13, 2012, 90 days after the New Mexico Supreme Court denied review on November 14, 2011. *See Robles I*, 2019 WL 2417702, at *1; *Melina*, 654 F. App'x at 941 (judgment final "when the [90-day deadline] for seeking certiorari review in the United States Supreme Court expires"); U.S. SUP. CT. R. 13.1. Mr. Robles placed his first state habeas petition in the prison mailing system 52 days later, on April 5, 2012, which tolled the one-year limitations period with 313 days remaining (365 – 52 = 313). *See Robles I*, 2019 WL 2417702, at *1; *Reyes*, 2024 WL 1621302, at *2 (clock stops while a "state habeas petition is pending"). The 313-day clock started again on June 15, 2016—15 days after the New Mexico Supreme Court denied review of Mr. Robles's state habeas petition on May 31, 2016—and ran until it expired on April 24, 2017. *See Robles I*, 2019 WL 2417702, at *1; *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004) (one-year clock remains tolled during 15-day period for seeking rehearing in New Mexico Supreme Court). Yet Mr. Robles did not place the present § 2254 petition in the prison mailing system until May 2, 2022, more than five years too late. *See* Doc. 1. Accordingly, his petition should be denied as time-barred.

Mr. Robles's first round of federal habeas review—running from the mailing of his first § 2254 petition on August 9, 2016, to final judgment on August 8, 2019—does not change this

8

outcome, because "[f]ederal habeas petitions do not toll the limitations period." *Robles I*, 2019 WL 2417702, at *7 (citing *Duncan*, 533 U.S. at 181–82).

Nor does Mr. Robles's second round of state habeas review—running from the mailing of his petition on October 27, 2019, to the expiration of the 15-day deadline to seek rehearing in the New Mexico Supreme Court on May 3, 2022—alter the analysis, because state "habeas petitions filed after expiration of the [federal] one-year period do not restart the clock." *Sacoman*, 504 F. Supp. 3d at 1213 (collecting decisions).

Likewise, the amended criminal judgment entered in state court on December 15, 2021—which vacated only Mr. Robles's two child abuse convictions and reduced his sentence to 112 years—does not impact my conclusion, because a state court's resentencing does not restart the federal habeas clock when the petitioner challenges only "original, undisturbed conviction[s]." *Burks*, 680 F. App'x at 689–92. Here, Mr. Robles's second § 2254 petition attacks only his original, undisturbed kidnapping, attempted murder, and aggravated assault convictions and otherwise raises generalized ineffective assistance of counsel and speedy trial claims raised in his first § 2254 proceeding. *See* Doc. 1 at 6–11; *Robles I*, 2019 WL 2417702, at *1–10. These untimely "attacks on the original conviction[s] are no[t] somehow resurrected" by resentencing on his vacated child abuse convictions. *Prendergast*, 699 F.3d at 1184.

Last, Mr. Robles did not argue—and I find no basis for—equitable tolling. Mr. Robles did not address any aspect of the one-year limitations period in his petition, including equitable tolling, instead leaving the "timeliness" section of his § 2254 form blank. *See* Doc. 1 at 14–15. Mr. Robles thus failed to show that he "diligently pursue[d] his claims" under "extraordinary circumstances beyond his control"; in fact, his actions demonstrate that the opposite is true. *Sacoman*, 504 F. Supp. 3d at 1212. During the first round of federal habeas review, the Court

9

specifically warned Mr. Robles that if he did not timely file an amended petition raising only his exhausted claim and instead returned to state court to exhaust state remedies, "his application would be time-barred were he to try to return to federal court." *Robles I*, 2019 WL 2417702, at *7. Mr. Robles, however, chose not to file an amended petition, despite the Court's warnings that failure to comply would result in dismissal of "his entire petition without prejudice," *Robles II*, 2019 WL 3081570, at *1, and that such dismissal "would push this case well past the limitations period," *Robles I*, 2019 WL 2417702, at *7. Equitable tolling thus does not apply in this case, and I recommend that the Court deny Mr. Robles's petition as time-barred.

### III.    Mr. Robles is Not Entitled to a Certificate of Appealability.

Finally, I recommend that the Court hold that Mr. Robles is not entitled to a certificate of appealability (COA). No appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA. 28 U.S.C. § 2253(c)(1)(A); *see Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). The Court may issue a COA only if Mr. Robles makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Mr. Robles failed to make this showing, a COA should not issue in this case.

**CONCLUSION**

I recommend that Mr. Robles's petition be denied with prejudice as time-barred.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*. In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge